UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No.: 2:23-cr-00121-JAD-NJK-1 |
|---|---|
| Plaintiff | |
| v. | **Order Denying Motion to Reduce Sentence** |
| Jesus Magana-Rojas, | [ECF No. 34] |
| Defendant | |

Jesus Magana-Rojas is serving a 27-month sentence after pleading guilty to violating 8 U.S.C. § 1326(a) and (b).[1] He now moves for a reduction in his sentence based on Part B of Amendment 821, a recent change to the sentencing guidelines that lowers the offense level of zero-point offenders whose crime did not involve specific aggravating factors.[2] Magana-Rojas's appointed attorney filed a notice explaining that he does not qualify for a sentence reduction because he did not receive any criminal-history status points and was not a zero-point offender at the time of sentencing.[3] Because I find that Magana-Rojas is not eligible for a sentence reduction under Amendment 821, I deny his motion.

## Discussion

The Sentencing Commission submitted criminal-history amendments to Congress in May 2023, they took effect in November 2023, and courts have been applying them retroactively since February 2024.[4] Magana-Rojas argues that he is entitled to a sentence reduction under the

---

[1] ECF No. 30.
[2] ECF No. 34.
[3] ECF No. 37.
[4] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60534 (Sept. 1, 2023).

change added to the guidelines as § 4C1.1, which lowers the offense level of zero-point offenders whose crime did not involve specific aggravating factors.[5] Zero-point offenders are defendants with no criminal-history points under the guidelines. The Commission found that these offenders have lower recidivism rates than other offenders, including those with one criminal-history point, which warrants a reduction in offense level.[6] A defendant with zero criminal-history points whose offense did not involve threats of violence or sexual acts may now receive a two-level decrease in his offense level.[7]

Magana-Rojas contends that he is eligible for a sentence reduction based on this amendment.[8] But as his appointed counsel acknowledges in a subsequent filing, Magana-Rojas doesn't qualify for this reduction because he was not a zero-point offender at the time of his sentencing.[9] He had a criminal history score of 12 for prior convictions, so he was far from a zero-point offender. Magana-Rojas is thus not entitled to a sentence reduction.

---

[5] U.S. Sent'g Comm'n Guidelines Manual § 4C1.1 (U.S. Sent'g Comm'n 2023).

[6] U.S. Sent'g Comm'n, *Amend. to the Sent'g Guidelines* (2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

[7] *Id.*

[8] ECF No. 34.

[9] ECF No. 37; ECF No. 24 at 14.

**Conclusion**

Because Jesus Magana-Rojas does not qualify for a sentence reduction under Amendment 821, IT IS ORDERED that his motion for a sentence reduction under Amendment 821 **[ECF No. 34] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
April 10, 2025